### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MELISSA COUSINS, | ) | CASE NO. |
| 1126 EAST MAIN STREET, #24 | ) | |
| ASHLAND, OHIO 44806 | ) | |
|     Plaintiff, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| FAIR HOUSING ADVOCATES ASSOC., | ) | |
| 520 SOUTH MAIN STREET, #2554 | ) | |
| AKRON, OHIO 44311 | ) | |
| | ) | |
| vs. | ) | JUDGE |
| | ) | |
| KNO-HO-CO ASHLAND COMMUNITY | ) | **COMPLAINT** |
| ACTION COMMISSION, | ) | **DECLARATORY RELIEF,** |
| D/B/A LINCOLN TERRACE APARTMENTS, | ) | **PERMANENT INJUCTIVE** |
| 1126 EAST MAIN STREET | ) | **RELIEF AND DAMAGES** |
| ASHLAND, OHIO 44805 | ) | |
| | ) | |
| And | ) | |
| | ) | **JURY DEMAND ENDORSED** |
| EDITH HARRIS, PROPERTY MANAGER | ) | |
| LINCOLN TERRACE APARTMENTS, | ) | |
| 1126 EAST MAIN STREET | ) | |
| ASHLAND, OHIO 43805 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ASHLAND APARTMENTS | ) | |
| LIMITED PARTNERSHIP, | ) | |
| 120 NORTH 4TH STREET | ) | |
| COSHOCTON, OHIO 43812 | ) | |
|     Defendants. | ) | |

Now come Plaintiffs, by and through their counsel, and for their respective causes of

action against these Defendants, jointly and severally, aver as follows:

## I. INTRODUCTION

(1) This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 et seq. Both Plaintiffs seek relief in the form of declaratory judgment, permanent injunctive relief and monetary damages for illegal discriminatory conduct based upon disability in the terms and conditions of housing.

## II. JURISDICTION AND VENUE

(2) Jurisdiction is conferred on this Court by 42 USC. §3613 and by 28 U.S.C. §1331, 1337, 1343 and 2201. The amount in controversy exceeds $10,000.00 exclusive of interest and costs

(3) Venue is proper in the Eastern Division of this Court as all facts and circumstances giving rise to the Complaint occurred within the geographical parameters of Ashland County, Ohio.

## III. PARTIES

(4) Plaintiff Melissa Cousins (hereinafter Cousins) is a female citizen of the United States of America and the State of Ohio. At all relevant times herein, she was a resident of Ashland County, Ohio. By virtue of back issues, post-traumatic stress disorder (PTSD), bipolar, anxiety and depression, she is a person with a disability.

(5) Plaintiff Fair Housing Advocates Association (hereinafter FHAA) is a not for profit corporation organized under the laws of the State of Ohio and has its principal office in Akron, Summit County, Ohio. The mission of FHAA is to assist persons of whatever status in securing quality housing. When FHAA encounters discriminatory practices that constitutes a frustration of its mission, it then has to divert resources to engage in measures to counteract the discriminatory conduct. FHAA provides counseling and education to landlords and tenants regarding their respective rights as well as working with elected and government representatives on various

issues associated with landlord-tenant relationships and all appropriate and necessary action regarding protection/enforcement of Fair Housing laws.

(6) Pursuant to the position statement submitted to the Ohio Civil Rights Commission (hereinafter OCRC), Defendant Kno-Ho-Co Ashland Community Action Commission owns real estate known as 1126 East Main Street in the City of Ashland, Ohio. The real property is a multi-unit residential apartment complex which this Defendant manages. The complex is known as Lincoln Terrace Apartments.

(7) Defendant Edith Harris at all relevant times herein was the property manager at Lincoln Terrace Apartments. She was an employee of Kno-Ho-Co Ashland Community Action omission.

(8) Defendant Ashland Apartments, Ltd. is listed on the Records of Ashland County as the owner of the subject premises. Accordingly, as owner, this Defendant is liable for the conduct that transpires through any property manager or other employee/agent. Please refer to Exhibit #1 attached hereto, which is the deed as of July 10, 2026.

### IV. FACTUAL SUMMARY

(9) Plaintiffs reincorporate by reference paragraphs 1 through 8 of this Complaint as if fully rewritten herein.

(10) Melissa Cousins had become a tenant at Lincoln Terrace Apartments in November 2015 pursuant to a written residential lease.

(11) During her tenancy, Lincoln Terrace Apartments has had several property managers.

(12) On or about July 8, 2020 Ms. Cousins obtained a medical letter supporting her request for an emotional support animal. A copy is attached hereto as Exhibit #2.

(13) Soon thereafter, she obtained Charlie (a Labradoodle) with the approval of the then property manager.

(14) In June 2024 with Charlie getting older and for additional emotional support, Ms. Cousins obtained Cooper (a Goldendoodle).

(15) On or about June 30, 2024 Ms. Cousins made a phone call to Defendant Edith Harris, the property manager, regarding Cooper.

(16) During that particular telephone call, Ms. Harris expressly approved Ms. Cousins having Cooper as a second emotion support animal.

(17) On at least one occasion, Cooper was in the property manager's (Ms. Harris) office.

(18) Ms. Harris was also at Ms. Cousins' dwelling unit when Cooper was there.

(19) On September 4, 2024 Ms. Cousins and Edith Harris signed an Assistance Animal Policy Agreement. A copy is attached hereto as Exhibit #3.

(20) At no time prior to December 6, 2024 was Ms. Cousins advised that she was not permitted to have Cooper or that she had committed some type of lease violation.

(21) On or about December 6, 2024, Ms. Cousins received correspondence from the property manager telling her that she had to get rid of Cooper. A copy is attached hereto as Exhibit #4.

(22) Prior to the December 6, 2024 Notice of Lease Violation, Ms. Cousins had not received any other complaints or Lease Violation Notices involving her emotional support animals.

(23) The Notice of Lease Violation had the potential to proceed to a formal eviction proceeding.

(24) After receiving the Notice, Ms. Cousins contacts Vince Curry of Fair Housing Advocates Association (hereinafter FHAA) believing that she was the victim of illegal housing discrimination.

(25) FHAA conducted an investigation including an onsite visit to the apartment complex.

(26) The investigation of FHAA yielded the conclusion that illegal housing discrimination had indeed occurred.

(27) On or about January 7, 2025, both Ms. Cousins and FHAA dual filed Charge Affidavits with the OCRC and the Department of Housing and Urban Development (hereinafter HUD). These documents are attached hereto as Exhibits #5 and #6, respectively.

(28) Initially, a Letter of Determination was issued stating that it was probable Defendants had perpetrated illegal housing discrimination.

(29) Later that determination was reversed upon Reconsideration and the administrative proceeding concluded on April 9, 2026.

## V.  VIOLATIONS OF FEDERAL FAIR HOUSING LAW

(30) Plaintiffs reincorporate by reference paragraphs 1 through 29 of this Complaint as if fully rewritten herein.

(31) At all relevant times herein, Melissa Cousins suffered from and still is suffering from a physical and/or mental diagnosis that significantly affects one or more major life activities and that she is in fact a person with a disability as defined by federal law.

(32) As defined by the Fair Housing Act, ad amended, 42 U.S.C. §3602(d) and (h), Ms. Cousins is a person with a disability.

(33) The named Defendants herein, jointly and severally, are providers of housing related services and required to properly enforce through policy and action the Fair Housing Act of 1968, as amended, within the various dwelling units of the Lincoln Terrace Apartments.

(34) Proper enforcement of the federal Fair Housing Act includes granting reasonable accommodations to a person with a disability.

(35) These Defendants, jointly and severally, were aware of Plaintiff's medical and mental condition and aware of their obligations under the 1968 Fair Housing Act, as amended.

(36) It is a violation of the 1968 Fair Housing Act, as amended, 42 U.S.C. §3604 to discriminate against persons with disabilities in the terms and conditions of housing.

(37) On or about December 6, 2024 and continuing thereafter, these Defendants, jointly and severally, improperly refused to grant a reasonable accommodation to Ms. Cousins. In the alternative, these Defendants, jointly and severally, improperly revoked a previously allowed reasonable accommodation. Said conduct constituted an act of illegal discrimination in violation of the federal fair housing statute on the basis of disability.

(38) These named Defendants, jointly and severally, by their conduct, omissions and malfeasance as described herein, regarded Ms. Cousins as being a person with a disability as defined by federal law.

(39) Under either scenario regarding Ms. Cousins' status, she is an aggrieved person pursuant to 42 U.S.C. §3604(C).

(40) As a direct and proximate result the discriminatory actions of the employees/agents/representatives of these Defendants, Ms. Cousins suffered and continues to suffer humiliation, embarrassment and emotional and mental distress.

(41) As a direct and proximate result of the discriminatory action of the employees/agents/representatives of these Defendants, Ms. Cousins incurred economic and other consequential damages.

(42) The actions of these Defendants, jointly and severally, were done intentionally, maliciously and with willful, callous, wanton, and reckless disregard for the right of Ms. Cousins not to be discriminated against on the basis of her disability under federal law.

(43) These Defendants, unless enjoined will continue to engage in the unlawful acts and unlawful conduct described herein. Ms. Cousins has no adequate remedy at law. Plaintiff now is suffering and will continue to suffer irreparable injury from these Defendants acts and unlawful conduct unless relief is provided by this Court. Melissa Cousins, accordingly, is entitled to permanent injunctive relief.

## VI. FHAA CLAIM FOR FAIR HOUSING VIOLATION

(44) Plaintiffs reincorporate by reference paragraphs 1 through 43 of this Complaint as if fully rewritten herein.

(45) Pursuant to 42 U.S.C. §3602(i), FHAA meets the definition of an aggrieved person.

(46) As the Fair Housing Act is intended to be construed broadly, FHAA has standing to pursue this case pursuant to express congressional intent as well as United States Supreme Court precedent as the conduct of these Defendants, jointly and severally, have caused a palpable and direct injury as herein described.

(47) All named Defendants herein qualify as providers of housing and are covered by the Fair Housing Act.

(48) Pursuant to 42 U.S.C. §3604(f), it is illegal to discriminate against persons in the terms, conditions or privileges or sale or rental of a dwelling, or in the possession of services or facilities in connection with such dwelling, because of a handicap and said discrimination includes not making reasonable accommodations in rules, policies, practices or services when such accommodation may be necessary to afford such person equal opportunity to use or enjoy such a dwelling.

(49) The conduct and actions of the named Defendants, jointly and severally, constitutes illegal discrimination on the basis of disability.

(50) As a direct and proximate result of the actions and omissions of these Defendants, jointly and severally, as previously described herein, FHAA has sustained illegal interference and frustration of its mission that is intended to bring about equality of housing for persons in the community and was forced to devote scarce resources to identify and counteract the unlawful housing practices.

(51) FHAA has no adequate remedy for the harm done by these Defendants, jointly and severally, as well as all other persons who have suffered such great and irreparable loss and injury, humiliation, and embarrassment.

(52) FHAA will continue to suffer as a direct and proximate result of these Defendants, jointly and severally, unless they are enjoined to refrain from such conduct in the future.

(53) In committing the alleged actions complained of herein, Defendants, jointly and severally, acted intentionally, and maliciously and with callous and reckless disregard of the rights of FHAA as well as persons with disabilities who need emotional support or service animals.

WHEREFORE, both Plaintiffs pray for relief thusly:

(A) That the Court declare these Defendants actions complained of herein to be in violation of the 1968 Federal Fair Housing Act, as amended, 42 U.S.C. §3601 et seq.; that these Defendants be ordered to take appropriate affirmative action to ensure that the activities complained of are not engaged in again by any of their respective agents, employees or representatives; that these Defendants, their respective agents, employees and successors be permanently enjoined from discrimination on the basis of disability against any person in violation of Federal or State law;

(B) Judgment in favor of Melissa Cousins and against these Defendants, jointly and severally, on her stated cause of action and an award of monetary damages of $50,000.00 or in such other amount that is proven with greater specificity at trial;

(C) Judgment in favor of FHAA and against these Defendants, jointly and severally, on its stated cause of action and an award of monetary damages of $50,000.00 or in such other amount that is proven with greater specificity at trial;

(D) If the evidence meets the threshold for punitive damages, then an award against these Defendants, jointly and severally, in the amount of $75,000.00 or in such other amount that will serve to deter these Defendants from engaging in such conduct in the future;

(E) If one or both Plaintiffs are determined to be the prevailing party, then an award of reasonable attorney fees after a post trial filing and evidentiary hearing;

(F) Recovery of all court costs and litigation expenses pursuant to Federal Rule of Civil Procedure 54 in the prosecution of this lawsuit;

(G) Any and all other relief to which any of the named Plaintiff may be entitled and which this Court deems just and proper.

Respectfully Submitted,

/s/ Brian J. Williams
Brian Williams (0020645)
Attorney for Plaintiffs
209 S. Main Street, 8th Floor
Akron, OH 44308
Ph. (330) 762-0080
bjpwlegal@gmail.com

**JURY DEMAND ENDORSED HEREON**

Plaintiff hereby demands that a jury decide all issues of fact as alleged in the Complaint in accordance with Federal Law.

/s/ Brian J. Williams
Brian J. Williams, Esq. (0020645)
Attorney for Plaintiffs
